UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PETER JAMES WILLIAMS, ET AL.                                    CIVIL ACTION

VERSUS

UNITED STATES OF AMERICA,                                        NO. 24-00225-BAJ-SDJ
ET AL.

### RULING AND ORDER

Before the Court are Defendant Guaranty Bank & Trust Co. ("Guaranty"), Defendant First Guaranty Bank ("FGB"), and Defendant United States of America's Motions To Dismiss (Docs. 21, 29, and 33, the "Motions"). The Motions are opposed. (Docs. 22, 30, 41). The United States and FGB filed Reply Briefs. (Docs. 31, 44). Plaintiffs filed various Objections to Defendants' filings. (Docs. 22, 23, 30, 32, 42, 45).

On February 28, 2025, the Magistrate Judge issued a **Report And Recommendation (Doc. 46, the "Report")**, recommending that Defendants' Motions be granted. (Doc. 46 at 18). The Report further recommends that the above-captioned action be dismissed with prejudice. (*Id.*). Plaintiffs filed a timely objection to the Report. (Doc. 48). For the reasons described below, the Court **APPROVES** the Magistrate Judge's Report and **ADOPTS** it as the Court's opinion in this matter.

I.  BACKGROUND

Plaintiffs filed this *pro se* lawsuit against Defendants Guaranty, FGB, the United States of America, Joseph Biden, Kamala Harris, the United States Department of Agriculture, Thomas Vilsack, and Xochitl Torres Small. Plaintiffs filed

suit after an extended history of financial transactions with Defendants United States of America, FGB, and Guaranty.

In 2000 and 2002, Plaintiffs took out loans with Guaranty (the "Guaranty Loans"). (Doc 21-1 at 2). Plaintiffs later defaulted on the Guaranty Loans. (*Id.*). Based on Plaintiffs' default, Guaranty foreclosed on Plaintiffs' property in 2004 (the "Guaranty Foreclosure"). (*Id.*). In 2011, Guaranty sold Plaintiffs' property in a foreclosure sale. (*Id.*). In 2010, 2011, and 2013, Plaintiffs filed three separate lawsuits related to the Guaranty Foreclosure. (*Id.* at 3).

In 2020, Plaintiffs requested a Guaranteed Farm Loan from FGB. (Doc. 33-1 at 2.) In April 2021, FGB informed Plaintiffs that they were ineligible for guaranteed or directed loan assistance because of a loss claim incurred in 2010.[1] (*Id.*). Following the denial, Plaintiffs filed a program discrimination complaint with the USDA Office of the Assistant Secretary for Civil Rights ("OASCR"), on May 11, 2021. (*Id.*). OASCR investigated Plaintiffs' claims and issued a final decision on March 3, 2022, finding that Plaintiffs had not met their burden of proving discrimination based on race and retaliation. (*Id.* at 3).

Plaintiffs then filed the instant Complaint on March 20, 2024, asserting claims arising out of: (1) the Guaranty Loans and the Guaranty Foreclosure; (2) the loan application denied by FGB; and (3) OASCR's investigation and denial of Plaintiffs' program discrimination claim. (Doc. 1).

Defendants move to dismiss, arguing that Plaintiffs' claims are time-barred.

---

[1] Based on agency regulations, *see* 7 C.F.R. § 764.352(f)4, prior debt forgiveness of FSA loans results in the ineligibility to receive future loans. (Doc. 33-1 at 2).

2

(*See* Docs. 22-1 at 4, 19-1 at 2, 33-1 at 6). FGB also claims that it is an improper defendant under the Federal Tort Claims Act, 28 U.S.C § 1346, *et seq.* (Doc. 29-1 at 2). Guaranty asserts that Plaintiffs' claims against it are barred by *res judicata* because it was a named defendant in one of Plaintiffs' prior lawsuits. (Doc. 21-1 at 16).

The Report recommends that the Court grant Defendants' Motions because Plaintiffs' claims are time-barred, procedurally barred, or asserted against improper Defendants under the statutes at issue. (Doc. 46 at 18). The Report further recommends that the above-captioned action be dismissed with prejudice. (*Id.*).

Plaintiffs filed a timely objection to the Report, discussed in detail below.[2] (Doc. 48).

## II. DISCUSSION

Throughout their Objection to the Report, Plaintiffs attempt to rehash arguments made in their Opposition Briefs to Defendants' underlying Motions. (*See* Docs. 22, 30, and 41). The Magistrate Judge fully considered these arguments and addressed them in the Report. The Court will not revisit the same arguments here. Instead, the Court will address Plaintiffs' objections to the Magistrate Judge's findings in the Report.

First, Plaintiffs argue that the Magistrate Judge should have considered the

---

[2] In their Objection, Plaintiffs request that the Court "make a ruling on each [D]efendant separately, while maintaining the overall collective nature of the entire lawsuit." (Doc. 48 at 2). In the interest of preventing the issuance of duplicative orders, the Court declines to rule on each of Defendants' Motions separately, the Motions being inherently interconnected.

3

"continuing violation doctrine" when determining that Plaintiffs' claims are time-barred. The United States Court of Appeals for the Fifth Circuit embraces two categories of continuing violations. The category applicable here describes the doctrine as one in which "the original violation occurred outside the statute of limitations, but is *closely related* to other violations that are not time-barred. In such cases, recovery may be had for all violations, on the theory that they are part of one, continuing violation." *Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102, 1103 (5th Cir. 1990) (emphasis added). Plaintiffs assert the continuing violation doctrine in defense of *all* of their time-barred claims. (*See* Doc. 48 at 9–13, 15–16, 19, 23–24).

Plaintiffs have fallen short of meeting the requirements for the continuing violation doctrine. Plaintiffs fail to bring forth any evidence linking the alleged violations by Defendants to one another. The Court concludes that, as alleged, the actions of Defendants and are not closely related as required by the continuing violation doctrine. *See Hendrix* 911 F.2d 1102, 1103 (5th Cir. 1990).

Second, in response to the Report's conclusion that Plaintiffs have named improper defendants in their Complaint, Plaintiffs ask the Court for leave to amend the Complaint to name the appropriate Defendants. (*See* Doc. 48 at 3.) The Court will deny this request. The Court should grant leave to amend when justice so requires.[3] Justice does not require the Court to grant leave to amend when an amended complaint would be futile. *See U.S. ex rel. Willard v. Humana Health Plan of Texas*

---

[3] Fed. R. Civ. Pro. Rule 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

4

*Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). An amended complaint is futile when, if amended, it would still be subject to dismissal. *Id.* Here, even if the Court granted Plaintiffs leave to amend to name proper Defendants, Plaintiffs' claims would still be time-barred or fail on other procedural grounds described in the Report.[4] Thus, the Court denies Plaintiffs' request for leave to file an amended complaint naming the appropriate defendants as futile.[5]

Having carefully considered Plaintiffs' Complaint, Defendants' Motions (Docs. 21, 29, 33), Plaintiffs' Opposition Briefs (Docs. 22, 23, 30, 32, 42, 45), Defendants' Reply Briefs (Docs. 31, 44), the Report (Doc. 46), Plaintiffs' Objection to the Report (Doc. 48), and related filings the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motions To Dismiss (Docs. 21, 29, 33)** be and are hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter be and is hereby **DISMISSED WITH PREJUDICE**, each party to bear its own costs.

---

[4] In addition to the claims being time-barred, the Report concludes that Plaintiffs' claims are barred by *res judicata* or fail on a Rule 12(b)(6) standard. (*See* Doc. 46 at 9).

[5] The Report indicates that the United States is the only proper defendant of an FTCA claim and continues its analysis "assuming the United States as the sole Defendant of the FTCA claims against the federal officers and agency." (Doc. 46 at 15). Thus, this entire analysis *already* assumes that Plaintiffs have named the proper Defendants; allowing Plaintiffs leave to file an amended complaint would make no difference at this stage.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 26th day of March, 2025

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA